UNITED STATES DISCTIRCT COURT
SOUTHERN DISTRICT OF FLORIDA

PHYLLIS D. LEWIS,   CASE NO._____-CIV-

    Plaintiff,

v.

CENTERFIELD MEDIA
HOLDING CO.

    Defendant.

_____/

## COMPLAINT

Plaintiff, PHYLLIS D. LEWIS ("Lewis" or "Plaintiff"), files this Complaint against CENTERFIELD MEDIA HOLDING CO. ("Centerfield") and states as follows:

### JURISDICTION AND VENUE

1. The Plaintiff files this action against the Defendant because Centerfield violated the American with Disabilities Act, 42 U.S.C. § 12101, et. seq. and Florida Civil Rights Act, Fla. Stat. § 760.01, et. seq. when it fired the Plaintiff due to her disability. Thus, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2. Plaintiff resides in Broward County, Florida.

3. The Defendant is a company conducting business in the state of Florida with a principal place of business located in Los Angeles, California.

4. This venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

## GENERAL ALLEGATIONS

5.  Centerfield is a third party customer service provider for communication companies. As such, Centerfield operates service call centers where customers of telecommunication companies, such as Sprint, call to address issues with service, invoices, and to change/modify service terms.

6.  The Defendant operated a call center in Plantation, Florida.

7.  On or about March 27, 2017, the Defendant hired Lewis as a Sprint Sales Representative/Agent to work at the Plantation location.

8.  Lewis, who is African American, worked in that location without any problems from March of 2017 until July of 2018. In July of 2018, the Plaintiff was diagnosed with Thyroid Cancer. Throughout that time, Lewis performed her job in accordance with the established performance metrics. She either met her sales numbers or she exceeded them. From March of 2017 to June of 2018, Lewis had never been placed on a performance improvement plan ("PIP").

9.  Lewis began obtaining treatment for her medical condition in July of 2018. As a result, she had to miss a few days during that month. She returned to work on July 6, 2018. On that day, Lewis met with the Director of Employee Relationships in the Defendant's Human Resources Department. Lewis provided her documentation related to her treatment and diagnosis. She informed the Director that she had missed work because she received treatment at the hospital and she told the director that she had been diagnosed with Thyroid Cancer. She also provided documentation from the doctor informing the Defendant that the Plaintiff could not work on that day given her condition and the results of her treatment. The Plaintiff asked the Defendant to excuse her absence. In response, the Director explained that her absence would not be excused and that her absence would be counted against her (despite her medical condition). At least one of the Plaintiff's supervisors found out about her medical condition on that day or a

11

few days after the meeting with the Director. Lewis informed the Director that she may need to miss some work in the future because her future treatment included a few possible surgeries.

10. Once her supervisors became aware of her medical condition, they began treating Lewis differently. In fact, her supervisors began nit picking at her work in order to find an excuse to fire her before she commenced her treatment. On July 13, 2018, a week after the meeting with the HR Director, Lewis was placed on PIP for the first time. The supervisors did not provide any warning to the Plaintiff, nor did they discuss with her the alleged work performance issues.

11. The supervisors placed Lewis on a PIP for a week. If her performance improved, Lewis would be taken off the PIP. If her numbers did not improve, Lewis would be placed in PIP for another week. Her supervisors informed Lewis that they would evaluate her performance on a daily basis by her sales leader. The sales leader did not evaluate her performance on a daily basis.

12. During the two weeks of PIP, Lewis' average sales increased. After the two week period ended, her supervisors did not discuss the PIP results with Lewis. Additionally, the sales leader did not evaluate her work on a daily basis. She was taken off the PIP after the two weeks ended. Her average sales went up and improved.

13. Even though Lewis was dealing with Thyroid Cancer, and was dealing with the treatment related to that condition, Lewis could perform the essential functions of her job.

14. In August of 2018, the Defendant terminated Lewis because it claimed that her numbers did not improve during the two weeks she was in PIP in July of 2019. In other words, three weeks after the PIP ended, Lewis was terminated. However, she was never placed on PIP after the two weeks ended, and at the time she was fired, Lewis was among the top 3 sales reps in her department. Contrary to their explanation at the time she was terminated, Lewis' sales numbers increased. In fact, she was among the top 3 sales reps the week she was fired.

15. Even though her managers were supposed to evaluate her on a daily basis during the

PIP period (2 weeks), no one evaluated her on a daily basis. Even though her managers were supposed to evaluate her performance at the end of the two week PIP period, they did not provide an evaluation at that time. And after the PIP period ended, Lewis was taken out of PIP and was not placed on any more PIPs.

16. Other employees that had lower sales numbers than Lewis in her department (who were also sale representatives) were not placed on PIPs nor were they fired.

17. The Defendant targeted Lewis because she had cancer and she had commenced her treatment. The Defendant knew that Lewis was going to need time off in order to complete her treatment. Even though Lewis could perform her work without any restrictions, the Defendant still fired him. At that time, Lewis was qualified to perform her job and he was able to perform the essential functions of her job.

18. Upon information and belief, the Plaintiff was replaced by a worker that did not have any health issues.

19. Shortly after she was fired, the Plaintiff timely filed charges with the Equal Employment Opportunity Commission ("EEOC"). The EEOC investigated the charges pursuant to a shared agreement with the Florida Commission on Human Relations. On July 30, 2019, the EEOC sent Lewis a Dismissal and Notice of Rights letter. Lewis was forced to retain undersigned counsel and has incurred attorney's fees and costs due to the Defendant's conduct.

## COUNT I
### (Violation of ADA, 42 U.S.C. § 12101, et. seq.)

20. Plaintiff herein alleges and incorporates by reference Paragraphs 1 – 19 of the Complaint as if fully set forth herein and further allege that:

21. The Defendant violated the American with Disabilities Act when it placed the

13

Plaintiff in PIP and when it fired her

22. The Plaintiff either has a disability or the Defendant perceived her to be disabled.

23. The Plaintiff was qualified for the position of sales representative despite her disability and could have performed her duties with reasonable accommodations.

24. The Plaintiff was replaced by an employee who did not have a disability or the Plaintiff was treated differently from other similarly situated employees. For example, other employees who had low sales numbers were not placed on PIPs, nor were they fired. The Defendant willfully violated the ADA by firing the Plaintiff in the manner described herein.

25. As a result of the Defendant's willful violation of the ADA, the Plaintiff has been damaged. She is entitled to back pay, front pay, compensatory damages, liquidated damages and punitive damages. She also incurred attorney's fees and costs to bring these claims.

WHEREFORE, the Plaintiff respectfully requests that the Court enter a judgment against the Defendant and in favor of the Plaintiff for back pay, front pay, compensatory damages, liquidated damages and punitive damages, in the amount to be proven at trial, plus interest, plus attorney's fees, and costs.

## COUNT II
### (Violation of FCRA Fla. Stat. Sec. 760.01, et. seq.)

26. Plaintiffs herein allege and incorporates by reference Paragraphs 1 – 19 of the Complaint as if fully set forth herein and further allege that:

27. The Defendant violated Florida's Civil Rights Act when it placed the Defendant in PIP and fired the Plaintiff.

28. The Defendant intended to fire her because she had Thyroid Cancer. Shortly after finding out about her illness and the treatment that she would have to go through, her supervisors

14

placed Lewis in her very first PIP. Even though she was taken off the PIP after two weeks, and even though her sales numbers improved, the Defendant fired her in August of 2019.

29. The Plaintiff was qualified for the position of sales representative and was able to perform the essential functions of her job with a reasonable accommodation.

30. The Defendant willfully violated FCRA. As a result of the Defendant's willful violation, the Plaintiff has been damaged. She is entitled to back pay, front pay, compensatory damages, liquidated damages and punitive damages. She also suffered mental anguish and loss of dignity.

WHEREFORE, the Plaintiff respectfully request that the Court enter a judgment against the Defendants and in favor of the Plaintiffs for back pay, front pay, compensatory damages, liquidated damages, mental pain and anguish damages, loss of dignity and punitive damages, in the amount to be proven at trial, plus interest, plus attorney's fees, and costs.

### DEMAND FOR A JURY TRIAL

Plaintiffs demand a jury trial on any and all triable issues.

DATE: October 25, 2019

Respectfully submitted,

/s/Andres H. Lopez
Andres H. Lopez
Fla. Bar No. 0067564
The Andres Lopez Law Firm, PA
101 NE 3rd Avenue, Suite 1500
Ft. Lauderdale, FL 33301
Phone: 954-237-8138
Attorney for Plaintiff.